**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

**KEITH RUSSELL JUDD**                                                              **PLAINTIFF**

**v.**                                    **Civil No. 4:11-cv-4049**

**SECRETARY OF STATE OF ARKANSAS, and**                        **DEFENDANTS**
**STATE OF ARKANSAS**

**REPORT AND RECOMMENDATION**
**OF A UNITED STATES MAGISTRATE JUDGE**

Plaintiff, KEITH RUSSELL JUDD, filed this *pro se* civil rights action pursuant to 42 U.S.C.

§ 1983 on June 7, 2011.  ECF No. 1.  He also filed his "Application for Waiver of Filing Fees and

Costs." ECF No. 2.  Plaintiff is an inmate currently incarcerated in the Federal Correctional Institute,

Texarkana, Texas.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable

Paul K. Holmes, III., United States District Judge, referred this case to the undersigned for the

purpose of making a report and recommendation.

**A. Discussion**

1.  28 U.S.C. §1915

Plaintiff, Keith Russell Judd, is a prisoner in the Federal Correctional Institution located in

Texarkana, Texas.  He has filed a *pro se* Complaint and an "Application for Waiver of Filing Fees

and Costs.  In his Complaint, Plaintiff alleges the State of Arkansas and the Arkansas Secretary of

State have violated his constitutional rights and several federal voting statutes by refusing to place

his name on the ballot for the 2012 Presidential primary election. He also seeks a declaratory

judgment allowing all convicted felons the right to vote in Federal elections.  For the following

-1-

reasons, the Application to Proceed *In Forma Pauperis* should  be denied and the case dismissed, pursuant to the three strikes provision in 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act contains a three strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding § 1915(g) constitutional).

Plaintiff has filed more than 240 cases in Federal Court across the United States.  Many if not most of these cases have been dismissed as frivolous. *See, e.g., Judd v. University of New Mexico*, 204 F.3d 1041,1044 (10th Cir. 2000)("filings in this court have been repetitive, frivolous and malicious"); *Judd v. U.S. District Court*, Case No. 98-51155, 1999 WL 274610 (5th Cir. April 16, 1999) (unpublished opinion)("Our review of the record reveals that Judd's appeal is without arguable merit and, thus, frivolous."); *Judd v. Fed. Election Comm'n.*, 311 Fed. Appx. 730, 731 (5th Cir. 2009) ("The appeal is without arguable merit. It is dismissed as frivolous.").

The United States Court of Appeals for the Fifth Circuit has barred Plaintiff from further filing in that Court or any district court within the Fifth Circuit's jurisdiction. *See Judd v. Fox,* 289 Fed. Appx. 795, 796 (5th Cir. 2008).  Plaintiff's vexatious and abusive filing practices have resulted in him being barred from filing any non-criminal, *pro se* matters before the United States Supreme Court. *Judd v. U.S. Dist. Court for the Western Dist. of Texas*, 528 U.S. 5 (1999)("Judd has abused this Court's certiorari and extraordinary writ processes.").

-2-

Most recently, Plaintiff has been found to be barred by § 1915(g) from new *in forma pauperis* filings by the United States District Court for the Eastern District of Arkansas. *See Judd v. Arkansas Secretary of State, et al*, Case No. 4:11-CV-0447 (E.D. Arkansas June 9, 2011). In that case, pursuant to the three strikes rule of 28 U.S.C. § 1915(g), Judge Billy Roy Wilson dismissed similar claims to the ones Plaintiff asserts in the instant case. *Id*.

Plaintiff, as has been noted by various courts, is a vexatious and abusive filer. His filings occupy valuable court time and resources and are frivolous. He has been barred by more than three courts from further filings in those courts. Here Plaintiff does not allege imminent danger of serious physical harm. Further, his actual allegations appear on their face to be frivolous. Accordingly, his "Application for Waiver of Filing Fees and Costs" (ECF No. 2) and his "Motion for Total Waiver of Filing Fees Under the Twenty-Fourth Amendment" (ECF No. 6) should be **DENIED**.

 2.  Failure to Comply with Court Order.

On June 15, 2011, the undersigned entered an order directing that the Plaintiff file a request to proceed *in forma pauperis* on the form provided by the Court. ECF No. 4. The Order specifically stated:

> Plaintiff, Keith Russell Judd, submitted this pro se action for filing. The Plaintiff also submits an Application to Proceed In Forma Pauperis. However, his application is not on the court approved form. *Additionally, Plaintiff failed to have the certification regarding inmate funds held in his name completed.* For this reason, the Clerk is directed to send a new Application To Proceed Without Prepayment to the Plaintiff. The Plaintiff is directed to submit a fully complete Application to Proceed Without Prepayment of Fee (IFP application) on or before July 1, 2011. *Failure to comply with this Order may result in the dismissal of the Complaint filed herein.*

ECF No. 4 (emphasis added). On June 15, 2011, the Clerk of this Court mailed the appropriate forms to the Plaintiff. On June 17, 2011, Plaintiff filed a second "Motion for Total Waiver of Filing

Fees under the Twenty Fourth Amendment; Voting."  ECF No. 6.   Plaintiff claims he is not complaining of prison conditions and therefore his lawsuit is not subject to the Prison Litigation Reform Act, specifically 28 U.S.C. § 1915.  This claim is without legal merit.  He did not use the form required by the Court to proceed *in forma pauperis*. He has failed to comply with the Orders of this Court.  This case should be dismissed based on Plaintiff's failure to comply with the order of the Court and his failure to prosecute this action.  *See* Fed. R. Civ. P. 41(b).

## B.  Conclusion

It is recommended as follows:

1.  Plaintiff's "Application for Waiver of Filing Fees and Costs"  (ECF No. 2) and his "Motion for Total Waiver of Filing Fees Under the Twenty-Fourth Amendment" (ECF No. 6) be **DENIED**.

2.   This case be **DISMISSED** pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3.  This case be **DISMISSED** for failure to comply with an Order of this Court.

4.  Plaintiff be barred from any further filings in this Court without first obtaining leave of a United States District Judge of this Court.  This restriction should not apply to an allegation of imminent danger of serious physical injury.

5.  The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order of Dismissal and accompanying Judgment would not be taken in good faith.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 7th day of July 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE